THE STATE ex rel. HAMMER, Collector of the Revenue, etc., v. MACGURN et al., Appellants.

**Division One, March 15, 1905.**

1. **TAXATION: Schools: Ownership.** The ownership or title to the property upon which is a school is not the controlling factor in determining whether or not the property is subject to taxation.

2. ————: **Leased to Schools.** Property leased to a public school district, upon which a school house is erected and a school maintained, and under which lease the owner received the rental value, is subject to taxation. The section of the Constitution declaring that "lots in incorporated cities . . . used exclusively . . . for schools" shall be exempt from taxation, does not exempt such property from taxation so far as the lessor is concerned, if he receives from the school district the rental value of the property.

Appeal From St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

Affirmed.

*Daniel Dillon* for appellants.

Both in the Constitution and the statute words of broadest import are used. The word "schools" is used without any restriction or qualification. Evidently there was no intent to limit the application of the law to public schools or to free schools or to schools of any particular kind or class. The only requirement exacted in order to entitle the lot and the buildings thereon to exemption from taxation is that they shall be used exclusively for schools. Nothing is said as to the ownership of or title to the property. Exclusive use is all that is required. Wyman v. St. Louis, 17 Mo. 335, was decided under the statute of 1845. That statute did not use words of as general import as the words that were subsequently used in the State Constitution and in the later statute, and which were in force when the taxes sued for were assessed. Yet, in that case this court decided that the property was not exempt from taxation, solely on the ground that the entire building in question was not used for a school. It was the use to which the building was applied that this court considered, and not the ownership of the property. The property in that case was the private property of Wyman, and the school which he conducted on the premises was a private school, yet this court attached no significance to these facts, but looked at the use only to which the property was applied. The laws were the best that could be devised to exempt from taxation property that is used exclusively for schools. It makes no difference whether the person maintaining the schools owns the property used for the school or rents it. He gets the benefit of the exemption. If he owns the property he is not required to pay any taxes on it; if he rents the property his rent is diminished in an amount equal to what the taxes would be on the property if subject to taxation. If the property when not used for schools is subject to taxes amounting to

$100 a year, and if, when used for schools, it is exempt from taxation, then the owner in renting it to one who will use it exclusively for schools will rent it for $100 a year less than when he rents it to one who will not use it for schools. And thus the person maintaining the school will be benefited and encouraged to the extent of the $100 a year.

*Johnson, Houts, Marlatt & Hawes* for respondent.

(1) In considering the question of exemptions it is always necessary to bear in mind that they are not favored in the law and are strictly construed. Wyman v. St. Louis, 17 Mo. 335; Fitterer v. Crawford, 157 Mo. 58; Adelphia Lodge v. Crawford, 157 Mo. 359. (2) The fact that the owners were receiving rental on account of this use for other purposes brings the case within the rule announced in the above cases. Property which is used exclusively for religious worship, schools, etc., is alone exempted. All this property was being used during all these years for private profit of its owners. They were receiving a revenue from it, were renting it just as dwellings or stores are rented. It was used for purposes of private gain. The purpose of the statute was to encourage educational, religious and charitable enterprises. How is such a purpose subserved by relieving an owner of property of taxation when he is receiving rental therefrom? Church v. Commonwealth, 66 S. W. 32; Ins. Co. v. Kent, 151 Ind. 349; Armand v. Dumas, 28 La. Ann. 403; People v. Assessors, 32 Hun 257, affirmed in 97 N. Y. 648; Fitterer v. Crawford, 157 Mo. 64; College v. Crowl, 10 Kan. 450.

MARSHALL, J.—This is an action to recover two hundred and sixty-six dollars and eighty-two cents with interest, back taxes for the years 1896, 1897 and 1898, upon lot 9 of Christian Brothers' Addition to the

city of St. Louis. The plaintiff recovered judgment and the defendants appealed.

The action is against the owners of the fee and the trustee and *cestui que trust* of a deed of trust thereon. The petition is in the usual and proper form. The answer is that during all the years for which taxes were assessed and sought to be recovered against the land, the property was situated in St. Louis, was less than an acre in extent, and was used exclusively for school purposes, and hence was exempt from taxation. The reply is a general denial.

The facts are, that on November 15, 1894, the owners of the fee leased all the lot, except a stable on the rear thereof, to the board of president and directors of the St. Louis public schools for a term ending on July 10, 1897, at a rental of $900 a year, and that it was used as a branch of the Dozier school. The stable in the rear was rented, at the date of the lease, to a butcher, for seven or eight dollars a month. On the tenth of December, 1895, the lessee, the public schools, objected to the stable and "the nuisance of having the yard used as a common passageway and for washing vehicles and general stable purposes," and the lessor put out the butcher, and thereafter the whole property was used exclusively by the public schools.

## I.

The legal question in this case is, what is meant by section 6 of article 10 of the Constitution, and of section 7504, Revised Statutes 1889 (now sec. 9119, R. S. 1899), which provide that "lots in incorporated cities . . . when the same are used exclusively for religious worship, for schools," etc., shall be exempt from taxation.

The defendants claim that it is the use and not the ownership which determines whether the property is

exempt. The plaintiff contends that *quoad* the defendants, the property was not used for school purposes, but for private profit and gain, because the defendants rented the same and derived a revenue of seventy-five dollars a month therefrom.

The defendants contend that the cases of Wyman v. St. Louis, 17 Mo. 335; Fitterer v. Crawford, 157 Mo. 51, and Adelphia Lodge v. Crawford, 157 Mo. 358, are inapplicable to this case, because in those cases the property was not used exclusively for school or charitable purposes, but a part of it was rented out for other purposes. This is true, and those cases are valuable in this case only so far as the underlying principles therein announced are pertinent to the case at bar.

It is also true, as defendants claim, that cases from sister States must be read in the light of the Constitutions and statutes of those States, and proper allowance must be made for the differences, if any, between such Constitutions and statutes and the Constitution and statutes of this State.

So that, after all, the real question in this case depends upon what is meant by the term "used exclusively for religious worship, for schools, or for purposes purely charitable."

The ownership or title to the property is not the determining factor. For if the property is owned by a religious, charitable or school organization and is leased or rented for use for any other purpose than such as the Constitution contemplates, the land is not exempt. So, if the private owner of the land allows his land to be used for such purposes and charges no rent and derives no personal benefit from the land, the land is exempt from taxation, because the land is then devoted exclusively to such a use. This was the case in City of Louisville v. Werne, 80 S. W. 224, relied on by the defendants. For in such cases the owner contributes the use of his land to public or quasi-public use,

or to such a use as the Constitution contemplates, and derives no gain or profit for himself, and, therefore, the State does not exact a tax from his land with one hand while accepting a contribution of the use of his land with the other hand.

But on the contrary, when the owner leases his land to the public for a public use, or to a quasi-public body for a charitable or religious use, and applies the rents derived from the land to his own personal advantage, he contributes nothing to the public or to charity, he loses nothing by the use, he is not a benefactor to any one, but he stands before the law in exactly the same light as any one else who leases his land for any other purpose, and uses the rents for his own advantage, and, therefore, he is not entitled to any special consideration at the hands of the law or the government, and his property is not exempt.

There would be just exactly as much, and no more or less reason, for holding that the property of one who sold provisions or supplies to a charitable institution which were used to support the lives of the inmates thereof, was exempt from taxation. In both cases he would get and appropriate to his own use the proceeds or products of his property, just the same as if it had been rented or sold to a private citizen or to a business concern, and in neither instance would the State or the charitable institution be benefited one jot or tittle by the transaction, for it would pay a full consideration for all it got.

There is no evidence in this case to support the defendants' argument that the rent was diminished by an amount equal to the taxes, by reason of the lease to the public schools.

The defendants concede that the purpose of the exemption was to promote the interests of the schools, etc. But the infirmity in the defendants' case is, that it does not appear that they did anything to promote such interests. For aught that appears in this rec-

ord, the defendants charged the schools as much rent as they would have charged any one else for the property. Hence, conceding the correctness of the argument as to the purpose of the exemption, the maxim "*Cessante ratione, cessat lex,*" applies.

The construction here placed upon our Constitution and statutes is the same that has been placed upon similar provisions of the Constitutions and statutes of other States. [Montgomery v. Wyman, 130 Ill. 17; County of Hennepin v. Bell, 43 Minn. 344; Insurance Company v. Kent, 151 Ind. 349; Armand v. Dumas, 28 La. Ann. 403; St. Mary's College v. Crowl, 10 Kan. 442; Church v. Commonwealth, 66 S. W. 32.]

The judgment of the circuit court is right and is affirmed. All concur.