CITY OF DALLAS v. COCHRAN et al.†
(No. 1292.)

(Court of Civil Appeals of Texas. Texarkana. April 2, 1914. Rehearing Denied April 16, 1914.)

TAXATION (§ 244*)—EXEMPTIONS — PROPERTY USED BY RELIGIOUS SOCIETY.

Under Rev. St. 1911, art. 7507, § 1, exempting from taxation buildings used exclusively for public worship, and not leased or otherwise used with a view to profit, a building used exclusively for public worship is not exempt from taxation where it is owned by a private individual and leased to a religious society, which pays a monthly rental, for it is leased and used by the owner with a view to profit, within the statute, which should receive a strict construction.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 405–414; Dec. Dig. § 244.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by City of Dallas against Sam P. Cochran and another. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

The suit is brought by the city of Dallas for taxes claimed to be due for the year 1911 by appellee Cochran, as owner of certain real estate located in the city of Dallas, and to foreclose a tax lien. The United States Bond & Mortgage Company, Incorporated, was made a party defendant, upon the ground that such company held a mortgage lien on the premises, and a foreclosure of the tax lien as against it was prayed for. The property in suit, described by metes and bounds, is 100 by 90 feet in block 125/33 according to the official map of the city of Dallas. The petition alleges that appellee Cochran rendered the property for taxation to the proper officers of the city of Dallas, and that it was accepted and incorporated in the official rolls. The appellees each answered by denial, and specially averred to the effect that the lot was occupied by a churchhouse, which was the First Presbyterian Church, and that he had, on May 31, 1910, executed a lease or rental contract to the church, by the terms of which the church was to pay a stipulated rental and was to occupy and use the house and the lot for the exclusive purpose of public worship, and that the church had, since said time, used, and is now so using, the entire premises and building thereon exclusively for public worship, and that the premises were by law exempt from taxation for the year 1911. The case was submitted to the court upon an agreed statement of facts, and judgment was rendered in favor of the appellees. The agreed statement of facts, which the trial court adopts, is as follows:

"(1) That on, to wit, about May 31, 1910, the First Presbyterian Church conveyed to Sam P. Cochran, defendant herein, the following described land [description follows], reserving in said deed and notes express vendor's lien to secure the payment of certain indebtedness, to wit, the sum of $60,000, therein mentioned as part of the purchase money of said lot, $10,000 of which has been paid, and the two notes remaining unpaid of $25,000 each, with vendor's lien, having been conveyed by proper deed of conveyance to the United States Bond & Mortgage Company, Incorporated, and that the said United States Bond & Mortgage Company still owns and holds said notes; that subject to the express vendor's lien above mentioned Sam P. Cochran owned said lot on the 1st day of January, 1911.

"(2) That on the date when the said lot was conveyed to defendant it was occupied by a churchhouse, which the First Presbyterian Church has been using for years for the exclusive purpose of public worship; that it had used none of it, or the grounds attached thereto, for any other purpose.

"(3) That on the date when the said lot

was conveyed to said defendant, he immediately executed to the said First Presbyterian Church a lease or rental contract, which was accepted by the said First Presbyterian Church, by the terms of which they continued to occupy said lots and buildings thereon as they had previously occupied them for the exclusive purpose of public worship, for which they paid the said defendant a stipulated rental; that under the said lease contract said church has, ever since the date of the said conveyance to the present time, including the 1st day of January, 1911, occupied said lot and buildings thereon and used same exclusively for public worship.

"(4) That all of the buildings thereon and furniture in said buildings and the grounds attached thereto are necessary and proper for such use.

"(5) That no part of the said lots, buildings, or furniture has been leased or rented out by the said First Presbyterian Church, or otherwise used by it with a view to profit.

"It is agreed by the parties hereto that if the exclusive use of this property by the said First Presbyterian Church for the purpose of public worship, and under all the circumstances above stated, and that it has not leased out any part of it, or rented it to any other person for profit, does not exempt same from taxation under the laws of Texas, the defendant is liable for taxes thereon due the plaintiff for the year 1911.

"(6) It is agreed that the assessment by the city of Dallas was duly and regularly made, and that the amount of taxes due for the year 1911, exclusive of penalties and interest is $829.92.

"It is contended by the plaintiff in this case that the fact that defendant has bought the property under the circumstances above stated, and leased it to the First Presbyterian Church, renders him liable for the taxes thereon; whereas defendant's contention is that the ownership of the property might be construed to be in him is immaterial, as the exclusive use of the property by the church exempts it from taxation."

C. F. O'Donnell and Marion S. Church, both of Dallas, for appellant. Crane & Crane, of Dallas, for appellees.

LEVY, J. (after stating the facts as above). The trial court gave the legal effect of the agreed facts as follows: "It is concluded as a matter of law that the property above described is exempt from taxation by reason of the fact that it was used by the Presbyterian Church for the exclusive purpose of public worship, notwithstanding the fact that the Presbyterian Church did not own the property." The assignments challenge the ruling of the court. Appellee Cochran was the owner of the premises, and leased the church building and lot to the Presbyterian Church for a stipulated rental. And it is the owner who here seeks and claims

166 S.W.—3

exemption from taxation. And thus there arises the precise question for decision of whether the property is exempt, under the statute of this state, from taxation at the hands of the legal owner thereof on account of the use for purely religious worship which the property is put to by the lessees. Section 1, art. 7507, R. S., provides exemption from taxation to the following property, in words as follows: "Public schoolhouses and houses used exclusively for public worship, the books and furniture therein and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and not leased or otherwise used with a view to profit." The latter clause, "and not leased or otherwise used with a view to profit," has clear and explicit reference alike to each the house, the books and furniture, and the ground occupied by the building. And such clause could not properly be construed otherwise than as a qualifying clause upon each and every subject-matter preceding it in the provision. In this view, then, the provision must be here read as exempting from taxation a house and necessary grounds which are (1) "used exclusively for public worship," and (2) "not leased or otherwise used with a view to profit." The language of the first clause, "used exclusively for public worship," quite clearly denotes the mode and character of use to which the particular property must be put before taxes may not be imposed. But under the second, and qualifying, clause of the provision, the particular property may not be exempted from taxes, though used exclusively for public worship, if "used with a view to profit." It is manifest from the language that the use of the property for church purposes, and the use of the property for profit, cannot both exist if the property is to be exempt. And as the dual use of the particular property cannot exist if the property is to be exempt, it is difficult to perceive how the exemption could apply to the facts here. The fact that the lessee used the premises under a rental contract for church purposes would be opposed by the fact that the owner, claiming the exemption, was himself putting his property to the use of private gain. And requiring that the property be "used" for religious worship, and not "used with a view to profit," would indicate that the Legislature had in mind, in measuring the exemption, the entire use to which the property is put by all concerned. The language does not express any other meaning. If the full use which the property is put to by all concerned must, under the language of the act, measure the exemption, then there is no warrant to construe the provision in hand as saying that the property would be covered by the exemption if it is not rented out by a lessee. The words do not say so. And neither do we think it means that. The purpose of employing the language of limitation in the sec-

ond clause is made apparent when it is considered that without this clause the owners of property might lease it for profit, to be used by the lessee for public worship, and thereby exempt it from taxation. And clearly, we think, the Legislature meant, by adding the language of limitation of the second clause under consideration, to prevent the owners of property, whoever they might be, from taking advantage of the exemption when any profit to them is derived from the particular property.

It is the universal rule applicable to statutes exempting property from taxation that "when an exemption is found to exist it shall not be enlarged by construction. On the contrary, it ought to receive a strict construction; for the reasonable presumption is that the state has granted in express terms all it intended to grant at all, and that unless the privilege is limited to the very terms of the statute, the favor would be extended beyond what was meant." 1 Cooley on Taxation (3d Ed.) p. 357. This rule plainly meant that the statute must be taken literally, or, if the construction of the law be doubtful, that the doubt must be resolved in favor of the taxing power and against the exemption. 2 Sutherland, Stat. Con. (2d Ed.) § 539; approved Morris v. Masons, 68 Tex. 698, 5 S. W. 519. And, applying these rules, we think the second clause of the provision under consideration, which we are called upon to construe and apply, classifies the premises as taxable, and makes it a subject-matter of taxation, when, as here done by the owner, used for purposes of a private interest.

In the case of City of Louisville v. Werne (Ky.) 80 S. W. 224, the owner of the lot leased it to the trustees of the Walnut Street Baptist Church for a term of 20 years, without rent, for the purposes of a mission church. The provisions of the statute of that state, as given in the opinion, provided exemption from taxation to "places actually used for religious worship, with the grounds attached thereto, and used and appurtenant to the house of worship." The court there held the property was shown to be within the terms of the exemption, because of the fact that its entire use was for religious purposes. But neither the facts nor the provisions of the statute of that case are at all like the instant one. And yet it is not doubted that the statute of Texas would apply to and cover an exemption upon the same facts of the case just mentioned. For illustration: If the owner here had agreed for his property to be used by the church for purely religious worship, rent free, the exemption would apply. It would apply because the entire and full use of the property would, in such case, be without a "view to profit" by any one. And it would likewise apply where a church owns the property and uses it exclusively for religious worship. In each instance the property would be put to the use only of religious worship, and that would be clearly within the terms of the act. But where the facts, as here, appear otherwise, the terms of the act are not met.

In Scott v. Society of Russian Israelites, 59 Neb. 571, 81 N. W. 624, the owner of the premises leased it to the society for 10 years for a monthly rental. The statute there provided, as disclosed by the opinion, an exemption to property "used exclusively for religious worship." The court there held that the exemption did not depend, under the terms of the statute, upon the ownership of the property, but upon the uses that such property subserves. But the difference between that statute and the statute of this state can be appreciated the moment it is stated. In that statute there was no limitation upon the exemption. In the statute of this state there is the limitation that such property must not be used with "a view to profit."

But to the contrary of that case is the case of State v. MacGurn, 187 Mo. 238, 86 S. W. 139, 2 Ann. Cas. 808, where a lot was leased at an annual rental to a school board to be used for school purposes. The statute there, as stated in the opinion, exempted from taxation "lots in incorporated cities when the same are used exclusively for schools." There the court held that to constitute an "exclusive" use of the premises for school purposes there must be no profit or gain from the property at the hands of the owner. And that case cites several decisions of other states, which can be referred to, placing the same construction upon similar statutes.

Appellant also cites and relies on the cases of Vail v. Beach, 10 Kan. 214; Anniston v. State, 160 Ala. 253, 48 South. 659. In both of those cases the statute in hand merely declared the property exempt "when the same are used exclusively" for the purposes named. And the statute of this state, as before observed, is not intended to grant exemption without limitation. This difference makes inapplicable the cases cited.

The judgment is reversed and here rendered in favor of the city of Dallas for the amount of the taxes, interest, and penalty sued for against appellee Cochran, with a foreclosure of the tax lien against the property described against both appellees. The costs of the trial court and of this appeal will be taxed against appellees.