

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 25, 1962

Mr. Nolan Queen
County Attorney
Parker County
Weatherford, Texas

Opinion No. WW-1396

Re: Whether the Frank White
farm, which has been
designated by the Hood-
Parker Soil Conservation
District as an experi-
mental farm, is exempt
from ad valorem taxes
under stated facts.

Dear Mr. Queen:

You have requested an opinion from this office relative to
the above captioned matter.

You have stated as a fact situation, that in the year 1948
the Hood-Parker Soil Conservation District was created and pro-
perly organized as such. Shortly thereafter, the Board of Super-
visors officially designated the Frank White farm as an experi-
mental farm for the Conservation District, and likewise, official-
ly designated Frank White as its supervisor.

Since that time, a portion of the Frank White farm has been
used exclusively as an experimental station. Its operation has
included experiments in grasses and legumes, fruit and nut grow-
ing, fertilizing, pruning, spraying and propogation of trees,
tillage and cultivation, etc.

The experimental portion of this farm has, on occasion,
made profits, but the profits have been put back into said por-
tion for further research. As a part of its operation, Frank
White writes and posts newsletters to report on the operation
of the farm. He consults very closely with the Soil Conserva-
tion Service representatives, as well as the County Agent, and
a great deal of valuable information and knowledge has been ac-
cumulated over the past several years. Frank White does not
realize any personal monetary gain from the operation of that
portion of the farm used as an experimental station.

Article 8, Section 2 of the Texas Constitution, reads as
follows:

"All occupation taxes shall be equal
and uniform upon the same class of sub-
jects within the limits of the authority

levying the tax; but the legislature may,
by general laws, exempt from taxation pub-
lic property used for public purposes;
actual places or /of / religious worship,
also any property owned by a church or by
a strictly religious society for the ex-
clusive use as a dwelling place for the
ministry of such church or religious so-
ciety, and which yields no revenue what-
ever to such church or religious society;
provided that such exemption shall not
extend to more property than is reason-
ably necessary for a dwelling place and
in no event more than one acre of land;
places of burial not held for private
or corporate profit; all buildings used
exclusively and owned by persons or as-
sociations of persons for school pur-
poses and the necessary furniture of all
schools and property used exclusively
and reasonably necessary in conducting
any association engaged in promoting the
religious, educational and physical de-
velopment of boys, girls, young men or
young women operating under a State or
National organization of like character;
also the endowment funds of such insti-
tutions of learning and religion not
used with a view to profit; and when the
same are invested in bonds or mortgages,
or in land or other property which has
been and shall hereafter be bought in
by such institutions under foreclosure
sales made to satisfy or protect such
bonds or mortgages, that such exemption
of such land and property shall continue
only for two years after the purchase of
the same at such sale by such institutions
and no longer, and institutions of purely
public charity; and all laws exempting
property from taxation other than the pro-
perty above mentioned shall be null and
void.  As amended Nov. 6, 1906, proclama-
tion Jan. 7, 1907; Nov. 6, 1928."

Under the facts stated, this farm is privately owned, and
although it may be being used for public purposes, it is not pub-
lic property being used for public purposes; nor does it qualify
under the Constitution as a religious, charitable or educational
institution.

Provisions for exemption from taxation are to be strictly construed. <u>City of Abilene v. State</u>, 113 S.W.2d 631, (Civ.App. 1938, error dism.).

Tax exemption provisions are subject to strict construction, are never favored, and all doubt must be resolved in favor of the taxing power and against the exemption. <u>State of Texas v. Moody's Estate</u>, 156 F.2d 698 (C.C.A. 1946).

The Legislature, in compliance with the provisions of Article 8, Section 2 of the Constitution, enacted a law which is now codified as Article 7150, Vernon's Civil Statutes, $\underline{/}16\underline{/}$, Sec. 1-a, of which reads as follows:

> "Demonstration farms.- All of the lands, buildings, personal property and the endowment funds used exclusively by any persons or association of persons for the maintenance and operation of demonstration farms for the purpose of teaching and demonstrating modern and scientific methods of farming to farmers and others, without charge, and not operated or used with a view to profit, and when any of the income, over and above an amount sufficient to maintain and operate the same, is used and bound for the use of other institutions of public charity."

This section must be construed strictly against exemptions.

The facts submitted in your request do not comply strictly with the provisions, since there are no provisions for any income over and above an amount sufficient to maintain and operate the same to be used and bound for the use of other institutions of public charity; and since it is private, and not public property, we are of the opinion that it is not exempt from taxation.

## S U M M A R Y

A privately owned farm, although used as a demonstration farm, and although used for a public purpose, does not qualify under the

Constitution and statutes of this State as
tax exempt property.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: J. H. Broadhurst
    Assistant

JHB/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

John Reeves
Morgan Nesbitt
Grady Chandler

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore