Kinder-Care Learning Centers, Inc. (Kinder-Care) filed an action against the State and certain state and local officials, asking the court to declare that the assessments for ad valorem taxes on the property of Kinder-Care during the tax years 1977 and 1978 were illegal and void in that the property of Kinder-Care is exempt from ad valorem taxation as property devoted exclusively to educational purposes. After a trial, the trial court entered its order declaring the property of Kinder-Care exempt from ad valorem taxes, and the State appealed. We reverse and remand.
Section 91, Ala. Const. 1901, provides a limited exemption from taxation for certain property used exclusively for religious worship, for schools, or for purposes purely charitable. Section 40-9-1, Ala. Code 1975, extends this exemption to "all property, real and personal, used exclusively for religious worship, for schools or for purposes purely charitable." Amendment 373 to the Constitution, which was ratified November 20, 1978, and which amends § 217 of the Constitution, provides an exemption from ad valorem taxation in Section (k) for "property devoted exclusively to religious, educational or charitable purposes." Similarly, § 40-8-1 (d) provides an exemption for "real and personal property devoted exclusively to religious, educational or charitable purposes." Kinder-Care operates approximately 725 day care centers throughout the nation. Its home office is in Montgomery, and it is regulated in Alabama by the Department of Pensions and Security. It accepts children between the ages of six weeks and twelve years, and the centers are open from 7:00 a.m. to 6:00 p.m. The programs offered are standardized throughout the system. Each center has a director and staff members who receive some training from the educational department, which produces a weekly program for each age group. A pre-school child (i.e., one between the ages of two years and five and one-half years) becomes involved with programs within the pre-school level at the age of four. These four year olds are involved in a pre-reading readiness program called "Happily Ever After." The five-year-old child is involved in a reading readiness program entitled "Beginning to Read, Write and Listen," and also in a mathematics program. The five year olds are given a test entitled "The Metropolitan Readiness Test," which is designed to determine whether the child is ready to proceed to the first grade. Kinder-Care keeps quarterly progress reports or developmental records which indicate each child's progress. Most of the children at Kinder-Care are enrolled on a yearly basis; however, Kinder-Care does accept "drop-ins" (i.e., children who are there for only a short period of time). Kinder-Care is *Page 861 
required by the Department of Pensions and Security to have minimum items of equipment.
The children from six to twelve years of age who are at Kinder-Care only after school, on arriving at Kinder-Care after school, participate in the afternoon snack, after which they go outside for thirty to forty-five minutes. After coming back inside, the children play board games such as jigsaw puzzles and Monopoly.
Kinder-Care is not licensed by the Board of Education and is not accredited by the Department of Education. The majority of children at Kinder-Care are between the ages of two and five. It is the business of Kinder-Care to earn a profit.
The trial court correctly noted that it is the use to which the property is put which determines whether it is exempt from ad valorem taxes. It also correctly observed that the term "education" is a general term and is not a limited one, as we recently held in Clark v. Jefferson County Board of Education,410 So.2d 23 (Ala. 1982).
The issue, however, is one of constitutional and statutory construction. Did the legislature intend to grant an exemption from the payment of ad valorem taxes for the use made by Kinder-Care of its property? Or, stated differently, is Kinder-Care using its property exclusively for "educational purposes" as that term is used in the statutes creating the exemption, or are Kinder-Care day care centers "schools" within the meaning of those statutes? Those are the criteria established by this Court to entitle one to the exemption.Anniston City Land Company v. State, 160 Ala. 253, 48 So. 659
(1909). That case held that it was the use to which the property was put and not its ownership which determined the exemption issue. There the Court held that property used exclusively for a school was exempt. It also observed:
 "The `universal rule of construction is that exemptions from taxation, whether statutory or constitutional, are to be strictly construed, against the exemption and in favor of the right to tax, and that no person or property is to be exempted unless the intention to exempt such person or property clearly appears in some statute or constitutional provision. The relinquishment or curtailment of the power of taxation is never presumed.' Gray, Lim. of Taxing Power, p. 655, § 1321, and cases cited in note 53 to the text, among them being that of Stein v. Mobile, 17 Ala. 234, 239."
160 Ala. at 256, 48 So. 659.
Kinder-Care aptly points out that a subsequent appeal by the same taxpayer disallowed the exemption only because a part of the building was used as a boarding house and, thus, the property was not used exclusively for a school or for educational purposes. Anniston City Land Company v. State,185 Ala. 482, 64 So. 110 (1913). It argues that all of Kinder-Care's property is used for educational purposes and, thus, it is entitled to the exemption.
We agree that the term "education" is a broad one and that much of what Kinder-Care provides is educational. We cannot agree, however, that the term was used in that broad sense in the statutes and constitutional provisions extending the exemptions from ad valorem taxes. The teachers in the Kinder-Care Learning Centers are not certified teachers as defined by Alabama law. The centers are not subject to regulation or certification by the Department of Education. They are not "private schools" as defined in § 16-28-1, Ala. Code 1975, and attendance at such centers would not satisfy the compulsory school attendance laws. Section 16-28-2, Ala. Code 1975.
Because we must strictly construe tax exemption statutes, we conclude that, although much of what Kinder-Care offers is unquestionably educational, neither is its property used exclusively for "educational purposes," nor are its centers "schools," within the meaning of the pertinent statutes. Therefore, the decision of the trial court to the contrary must be reversed.
We acknowledge that in Clark v. Jefferson County Board ofEducation, supra, we held that the county board was authorized *Page 862 
to operate day care centers under a broad grant of authority from the legislature to develop "community education." There, as here, we were called upon to construe a statute consistent with the legislative policy in enacting it. There, as contrasted with this case, we were compelled to liberally construe the language of the legislation. Here, we are bound to narrowly construe the terms "educational purposes" and "schools."
The judgment of the trial court is reversed and the case remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, BEATTY and ADAMS, JJ., concur.