WARDEN PLAZA, An Iowa Limited Partnership; Fort Dodge Area Home For Senior Citizens; and Warden Plaza Associates, Ltd., a Georgia Limited Partnership, Appellees,

v.

BOARD OF REVIEW OF the CITY OF FORT DODGE, Iowa; and Mary Beth Rice, Chairman, Pete Garatoni, Allan Weiss, John H. Evans and James H. Fitzgerald, as members; and Clarence Hilton, City Assessor, Appellants.

No. 85–306.

Supreme Court of Iowa.

Dec. 18, 1985.

Rehearing Denied Jan. 10, 1986.

Maurice C. Breen, Fort Dodge City Atty., and Charles D. Hunter and Linda S. Weindruch, of Belin, Harris, Helmick, Heartney & Tesdell, Des Moines, for appellants.

James R. Monroe, Burns Mossman, and Kasey W. Kincaid, of Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, and William S. Gibb, of Johnson, Erb, Latham, Gibb & Carlson, P.C., Fort Dodge, for appellees.

McGIVERIN, Justice.

This case is before us on an appeal from a ruling on plaintiffs' application for adjudication of law points under Iowa Rule of Civil Procedure 105 which resolved the merits of the controversy. The trial court sustained plaintiffs' application and held that, as a matter of law, certain land was exempt from general property taxation. We conclude that it was inappropriate for the court to declare plaintiffs' property exempt from taxation by a ruling on an application for adjudication of law points because there are unresolved material factual issues under this record. Accordingly, we reverse the court's ruling and remand for further proceedings.

Iowa Rule of Civil Procedure 105 allows a party to obtain an adjudication of "any point of law raised in any pleading which goes to the whole or any material part of the case." The adjudication cannot be made if any material facts are in dispute. *Montz v. Hill-Mont Land Co.*, 329 N.W.2d 657, 657 (Iowa 1983). If the pleadings reveal fact issues with respect to law points, disposition under rule 105 is inappropriate unless the parties stipulate the required facts. *Id.*

Plaintiffs' appeal to district court, from a denial of a property tax exemption by defendant board of review, was submitted to the court on plaintiffs' application for adjudication of law points, the pleadings and a stipulation of certain facts by the parties.

The following facts are derived from the above submissions by plaintiffs. Plaintiffs Fort Dodge Area Home for Senior Citizens (FDAHSC), Warden Plaza, an Iowa limited partnership, and Warden Plaza Associates, Limited, a Georgia limited partnership, filed an application for consideration by defendant Board of Review of the City of Fort Dodge (Board) seeking a determination that certain leased real property in Webster County was exempt from real

property taxes levied under the laws of this state.

FDAHSC is a nonprofit corporation formed pursuant to Iowa Code chapter 504A (1983) that operates a facility designed to provide housing for elderly, low-income and mentally retarded persons. The real estate in question was, at the time this action was commenced, owned by Warden Plaza Associates, Limited, and leased to FDAHSC under a written lease agreement executed in December 1982.

The original lease between Warden Plaza [1] and FDAHSC was for a period of two years at a monthly rental rate of $49,000. In addition to this amount, each calendar quarter FDAHSC, the lessee, was required to pay the difference between $33,000 and the actual expenses incurred by the lessor during that quarter relating to upkeep of the facility. The lease provided for automatic yearly increases in rent based on the consumer price index. The lessee also agreed to make application for property tax exemption for the leased property. The lease stated that the rental rate set for FDAHSC was based upon such an exemption being granted.

On January 31, 1984, pursuant to Iowa Code section 427.1(23), plaintiffs filed a claim for exemption with defendant Hilton, the Fort Dodge assessor, because they contended that FDAHSC was a charitable institution and, thus, the property was entitled to exemption from real property taxes pursuant to Iowa Code section 427.1(9).

Iowa Code section 427.1(9) provides in relevant part that the following class of property shall not be taxed:

> All grounds and buildings used or under construction by literary, scientific, charitable, benevolent, agricultural, and religious institutions and societies solely for their appropriate objects, not exceeding three hundred twenty acres in extent and not leased or otherwise used or un-

---

1. On March 31, 1983, the property was transferred to Warden Plaza Associates, Ltd. Under this record, there is no indication such transfer affected the parties' respective rights under the lease.

der construction with a view to pecuniary profit.

Defendant Board considered plaintiffs' claim at two separate meetings. On May 21, the Board recognized FDAHSC as a charitable organization. However, on May 22, the Board did not grant the claim for exemption because it did not believe a commercial landlord, such as it claimed Warden Plaza to be, was entitled to a tax exemption based on its benevolent, charitable and religious institutional tenants.

Plaintiffs appealed the decision of the Board to the district court. *See* Iowa Code § 441.38. Defendants filed an answer to the appeal petition.

All parties entered into a stipulation as to certain agreed facts, and plaintiffs then filed an application for adjudication of law points pursuant to Iowa Rule of Civil Procedure 105. The law point to be adjudicated, according to plaintiffs' application, was whether real property, owned by a private organization, leased to and used by a tax exempt organization described in Iowa Code section 427.1(9), is exempt from taxation under that statute.

The district court held that such property was exempt from taxation and that ownership of the property by the charitable institution was not a prerequisite to a valid exemption claim. Defendants appealed to us.

The appropriateness of the district court's ruling on the application turns on the proper interpretation of the statute at issue, section 427.1(9), and the adequacy of the uncontroverted record.

I. *Interpretation of Iowa Code section 427.1(9).* The parties have raised numerous contentions regarding the correct interpretation of section 427.1(9). The controlling issues are: 1) whether the property must be owned by the charitable institution using it in order to properly claim exemption; 2) the appropriate interpretation of the term "use" in the statute; and 3) the effect of other legislation on this Code section.

A. *Ownership.* The parties have argued extensively whether ownership is a controlling factor in determining if the property is exempt under Iowa Code section 427.1(9).

Section 427.1(9) does not specifically state property must be owned by a charitable institution in order to be exempt from property taxes under that subsection. Instead, the statute speaks in terms of "sole use" of such property for charitable or benevolent purposes.[2]

Other subsections of section 427.1 expressly provide that ownership of property is a prerequisite to an exemption claim. The terms "owned and operated by" or "owned and kept" are used in these various provisions. *See* Iowa Code § 427.1(7) (property owned and operated by cemetery associations); § 427.1(8) (grounds and buildings used for public libraries and galleries owned and kept by private individuals); § 427.1(11) (property owned by any educational institution); § 427.1(12) (buildings and grounds owned and operated by veterans' organizations for disabled veterans); § 427.1(34) (low rent housing property owned and operated by nonprofit organization until mortgage paid).

In addition, other subsections in this statute have been interpreted to require ownership of the land in question before an exemption may properly be granted. In *Laurent v. City of Muscatine,* 59 Iowa 404, 406, 13 N.W. 409, 410 (1882), we held the phrase "property of" in the context of the property tax exemption statute meant ownership. Therefore, those subsections in the present statute referring to "property of" also establish an ownership requirement as a prerequisite to an exemption

---

**2.** We note that in plaintiffs' filed Statement of Facts and memorandum of authorities in support of their application for adjudication of law points, an attachment entitled "Duties and Responsibilities of Local Boards of Review" pro-vided by the Iowa Department of Revenue Property Tax Division (1982) states that the property need not be owned by the charitable organization.

claim. *See* Iowa Code §§ 427.1(1), (2) and (6).

■ Iowa Code section 427.1(9), however, does not contain the words "owned and operated by" nor does it refer to "property of" a charitable institution in the text of the statute. Further, it states "(a)ll deeds or leases by which such property is held" must be filed of record for exemption purposes. This phrase does not suggest ownership is a criterion for exemption.

We need not resort to rules of statutory construction when the terms of a statute are unambiguous. *Elliott v. Iowa Department of Public Safety*, 374 N.W.2d 670, 672 (Iowa 1985). Because ownership is not expressly mentioned, only "use" of the property, we conclude that ownership of the property by the charitable organization is not a determinative factor in considering whether Iowa Code section 427.1(9) applies to certain real estate, and the district court was correct in so holding.

■ However, that determination alone is not dispositive on the issue of whether a claim for exemption under section 427.1(9) should be granted under this record. The term "use," as it appears within the statute, must also be interpreted and applied to a particular application for exemption before a claim may properly be granted or denied.

B. *Use.* The crucial issue here involves the interpretation of a portion of section 427.1(9) which exempts from taxation: "All grounds ... used ... by ... charitable ... institutions and societies solely for their appropriate objects." The question is, whether "used" refers to both the lessor's and lessee's use of the property or if it only applies to the lessee-charitable institution's use. We must decide whether an owner-lessor's leasing of the property for profit or other personal advantage renders section 427.1(9) inapplicable because then the property is not being used solely for charitable purposes. If the owner-lessor is not leasing to the charitable institution for profit or personal advantage, then clearly the real estate is exempt from property taxation.

Plaintiffs contend that exemption from taxation for leased property used by an exempt organization meets the intent of the legislature of giving relief to charitable institutions. We note that it appears from the terms of the lease between the parties that if tax exempt status is not granted, FDAHSC will bear the burden of paying increased rent to compensate for the property taxes owed. Some courts have held that the public interest is best served by granting the exemption under facts similar to the ones presented here. *See Ross v. City of Long Beach*, 24 Cal.2d 258, 148 P.2d 649 (1944); *First National Leasing Corp. v. City of Madison*, 81 Wis.2d 205, 260 N.W.2d 251 (1977).

On the other hand, many states reach the contrary conclusion and we believe the reasoning in those decisions is more persuasive.

The issue in the early case of *State ex rel. Hammer v. MacGurn*, 187 Mo. 238, 86 S.W. 138 (1905), was the proper definition of the term "used exclusively." In *MacGurn*, an owner leased real property to a public school district which used the property solely for school purposes. However, the owner made a profit through this leasing arrangement.

The court articulated the policy behind denying exemption where an owner leases the property for the purpose of generating a profit:

> [W]hen the owner leases his land to the public for a public use, or to a quasi public body for a charitable or religious use, and applies the rents derived from the land to his own personal advantage, he contributes nothing to the public or to charity, he loses nothing by the use, he is not a benefactor to any one, but he stands before the law in exactly the same light as any one else who leases his land for any other purpose, and uses the rents for his own advantage, and, therefore, he is not entitled to any special consideration at the hands of the law or the

government, and his property is not exempt.

*Id.* at 243, 86 S.W. at 139. *See also Commissioners of Cambria Park v. Board of County Commissioners,* 62 Wyo. 446, 467, 174 P.2d 402, 409–10 (1946).

In *Appeal of Wirt,* 225 Kan. 517, 592 P.2d 875 (1979), a nonprofit corporation operated a psychiatric hospital. Hospital facilities and equipment were owned by a nontax-exempt entity. Plaintiffs, the hospital-lessee and the corporation-lessor, sought tax exemption under a statute which provided in part:

> The following described property ... is hereby exempt from all ... taxes ...: All real ... and ... personal property, actually and regularly *used exclusively* for hospital purposes by ... a psychiatric hospital ... operated by a corporation organized not for profit.

K.S.A. 79–201(b) (emphasis added).

Plaintiffs argued the term "use" in the statute meant physical use and because the property was used solely for hospital purposes, it should be exempt from taxation. The assessor contended that leasing by the for-profit corporation was a use of the property by its owner and, therefore, the property was not being used exclusively for hospital purposes. The court agreed with the assessor and concluded the property was not exempt as follows:

> To say that an investor who owns valuable property, real or personal, and leases it for profit is not using his property ignores the obvious fact that the owner-lessor is exercising his right to use the property just as surely as if he were utilizing it in a physical sense for his own objectives.... The renting by the lessor and the physical use by the lessee constitute simultaneous uses of the property and when an owner leases his property to another, the lessee cannot be said to be the only one using the property. The owner is using it as he sees fit to reap a profit from his investment just as surely as if he physically operated the property. *Id.* at 522–23, 592 P.2d at 879–80.

This reasoning was echoed in *Sisters of Providence v. Municipality of Anchorage,* 672 P.2d 446, 451 (Alaska 1983). The court noted that while it was aware of the policy reasons behind the tax exemption for charitable organizations, the countervailing concern of providing a broad base of taxation was held to outweigh such a policy. *Id.* at 452.

In *Northwest Community Hospital v. Board of Review,* 229 N.W.2d 738 (Iowa 1975), we were presented with an issue similar to the one raised here. In that case, a hospital, organized as a non-profit corporation, sought exemption under section 427.1(9) for the real estate it owned. A pecuniary corporation had loaned the hospital a substantial sum of money in return for a security interest in most of the hospital's personal property and the real estate. This corporation had the option to assume the assets of the hospital by assuming its liabilities. The board of review, in that case, believed the for-profit corporation was actually "using" the property.

We agreed and upheld the denial of the exemption, noting that the question of exemption "must be determined from the use made of the property." *Id.* at 741. We concluded that under the arrangement all profit earned on the premises of the hospital benefited the profit-making corporation. Therefore, by allowing such an exemption, we would be permitting a profit-making corporation to "purchase a tax exempt status by leaving token ownership in a tax exempt vendor and retain the advantage of the exempt status." *Id.*

We adopt the reasons articulated in *Northwest Hospital* and by the other courts cited previously in this subdivision and conclude that if Warden Plaza or Warden Plaza Associates' ownership and use of the property through its lease to FDAHSC was to derive profit or to use the rents to its own advantage, then the Board properly denied the property tax exemption. This basic inquiry is necessary to the trial court's decision on the interpretation of section 427.1(9) under all relevant facts.

C. *Other legislation.* When determining the proper interpretation of section 427.1(9), we also consider any other legislation which may provide insight into the legislative intent as to the statute at issue.

We note the legislature has eased the property tax burden on the elderly and physically or mentally disabled persons, regardless of whether they own or rent their homesteads. *See* Iowa Code §§ 425.16–.39. Under these statutes, persons who meet the qualifications provided are eligible for an extraordinary tax credit or reimbursement.[3] A renter with income below a certain level may obtain reimbursement of the portion of his or her gross rent paid which is attributable to property taxes. The lower the income of the person seeking relief under these Code sections, the higher the amount of reimbursement he or she is eligible to receive.

Therefore, if an exemption under Iowa Code section 427.1(9) is allowed for this property, all renters at FDAHSC would be entirely exempt from property taxation even though their incomes might exceed $4000 per year. On the other hand, under Iowa Code section 425.23(1) such persons only would be eligible to obtain reimbursement of a percentage of their property taxes paid.

Accordingly, we conclude that the practical effect of granting plaintiffs an exemption from property tax under section 427.-1(9) would be to merely grant the landlord such an exemption, because the residents of FDAHSC have the means to seek relief from property tax under section 425.23(1).

II. *Uncontroverted record.* Keeping in mind the principles articulated earlier regarding the propriety of considering a rule 105 application, we note that under our interpretation of the statute, section 427.-1(9), all uses of the property must be considered. In the present case, the land in question must be used solely by a lessee-charitable organization for its appropriate objects in order to gain a property tax exemption. In addition, if the lessor-owner is making a profit on such land or using the rents to its own advantage, then the exemption may not be granted.

Under this record, the parties agreed that lessee-FDAHSC is such a non-profit charitable organization. However, there is nothing in the record regarding the status of either Warden Plaza or Warden Plaza Associates Limited other than reference to them as "private" organizations in the stipulation. If either lessor used the property to generate profit or the rents to its own advantage, through its lease or for any sort of commercial gain, then the use of the property is not solely for charitable purposes and an exemption under section 427.-1(9) must be denied. If both of those plaintiffs leased to FDAHSC for charitable purposes and not to their own advantage, then the exemption may be properly granted.

III. *Disposition.* Because there is an unresolved issue of fact material to the law point plaintiffs sought to have adjudicated, we conclude that the district court improperly sustained the application for adjudication of law points. The judgment of the district court is reversed and the case remanded for further appropriate proceedings.

REVERSED AND REMANDED.

All Justices concur except McCORMICK, J., who takes no part.

---

**3.** The schedule of reimbursement is determined as follows under Iowa Code section 425.23(1):

| If the household income is: | Percent of property taxes due or rent constituting property taxes paid allowed as a credit or reimbursement: |
|---|---|
| $   0 – 3,999.99 | 100% |
| 4,000 – 4,999.99 | 85 |
| $5,000 – 5,999.99 | 60% |
| 6,000 – 6,999.99 | 40 |
| 7,000 – 7,999.99 | 30 |
| 8,000 – 8,999.99 | 25 |
| 9,000 – 9,999.99 | 20 |