No. 39,738

THE STATE OF KANSAS, ex rel. ROBERT B. OYLER, County Attorney of Douglas County, Kansas, *Appellee*, v. THE LAWRENCE WOMAN'S CLUB, a Corporation, *Appellant*, and T. R. GERHART, County Clerk, and MELVIN MILLER, County Treasurer, *Appellees*.

(285 P. 2d 770)

Opinion filed July 6, 1955.

*Geo. V. Allen,* of Lawrence, argued the cause and was on the briefs for the appellant.

*Robert B. Oyler,* of Lawrence, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This appeal arises out of proceedings by the Lawrence Woman's Club, a corporation, to secure exemption from taxation of its club house and the lots upon which it stands, located in the city of Lawrence. The claim of exemption is based upon that portion of G. S. 1949, 79-201, which exempts from taxation

". . . and all that portion of any building and the ground upon which such building stands, belonging to any literary, educational, scientific, religious, benevolent or charitable corporation, organization or society, situated under any lodge, audience or assembly room used by such corporation, organization or society, or the antechambers, halls, passages or other compartments designed for and used as appurtenances of such lodge, audience or assembly room, as well as said rooms and appurtenances, shall be wholly exempt from taxation when the portion of said building so situated is leased or rented for legitimate purposes, and the net rents or earnings thereof are applied exclusively to literary, educational, scientific, religious, benevolent or charitable purposes. . . ."

The undisputed facts of record show the following background of the matter:

In 1937 the Club acquired the property in question which consists of a large home on Massachusetts Street in Lawrence. It was duly assessed for purposes of taxation by the taxing officials of Douglas County for the year 1937 and all succeeding years, including the year 1949. The taxes so assessed and levied were paid. In the fall of 1949 the Club made application to the State Commission of Revenue and Taxation for the removal of the property from the tax rolls on the ground that it was exempt under the Club's charter and the purposes for which the property was used. This application was heard by the Commission on November 1, 1949, and taken under advisement.

On December 13, 1949, the Commission issued an order finding the property to be exempt from taxation, and directed that it be removed from the tax rolls and exempted from taxation for the year 1949 and all subsequent years so long as it was owned by the Club and used exclusively for educational, benevolent and charitable purposes. The order further directed the county clerk and county treasurer of Douglas County to correct their books and records accordingly.

On January 7, 1950, the State of Kansas, upon the relation of the county attorney of Douglas County, filed an action in the district court in which the petition, after setting forth the foregoing facts, alleged that the property in question was not exempt from taxation within the meaning of the constitution and laws of the state, because of the use to which such property was being put, the details of which, for our purposes, need not be narrated.

The petition further alleged that the order of the Commission exempting the property from taxation was void and of no effect, and the prayer sought a permanent injunction enjoining the county clerk and county treasurer from removing the property from the tax rolls; that they be enjoined from abating the taxes assessed for the year 1949, and for a further order declaring the order of the Commission to be void and of no effect.

Personal service of summons was had upon defendants, including the Club, but they failed to answer or otherwise plead and made complete default.

On February 18, 1950, the cause came on for hearing and judgment was rendered on that date. The journal entry of judgment filed February 23, 1950, following certain findings, recites:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT, that the defendants, and each of them be permanently enjoined from removing the above described real estate from the tax rolls of Douglas County, Kansas, and that they be enjoined from abating the taxes for 1949 assessed against said real estate, and it is further ordered that the ruling of the State Commission of Revenue and Taxation of the State of Kansas heretofore made in regard to the assessment of taxes for the year 1949 and future years, as shown by a copy attached to the petition, be declared void and of no effect, and that the defendants pay the costs of this action.

HUGH MEANS /s/
DISTRICT JUDGE"

No appeal from this judgment was ever taken by anyone.

Thereafter the Club paid the taxes on the property for the years 1949 to 1953, inclusive.

On December 14, 1953, the Club filed the following motion:

"Comes now the Defendant, the Lawrence Woman's Club, a corporation, and moves this Court for an order dissolving the injunction issued by this Court in this matter on the 18th day of February, 1950, wherein the Defendants, Melvin Miller as County Treasurer, and T. R. Gerhart, as County Clerk, and each of them were enjoined from removing the real estate described in the petition from the tax rolls of Douglas County, State' of Kansas.

"And further ask that the ruling of the Tax Commission made on the 13th day of December, 1949, whereby the said real estate was ordered removed from the tax rolls and asks that the same be reinstated:

"For the reasons that:

"(1) The conditions as set forth in the findings of the Court in the Journal Entry previously filed in this case no longer exist, and

"(2) As the said Lawrence Woman's Club is now operated, the taxation of this property is contrary to Article 11, Paragraph 1 of the Constitution of the State of Kansas and to 79-201 G. S. 1949 of Statutes of the State of Kansas."

Attached to this motion was an affidavit of the Club's president setting forth that the purpose of the Club was the furthering of literature, education, benevolence and charity; that the net income of the Club was applied exclusively to those purposes; that no income of the Club inured to the benefit of any member thereof, and that no salaries were paid to any of its officers or members.

On February 26, 1954, this motion to dissolve the injunction and to reinstate the order of the Commission was heard by the court. The Club introduced evidence with respect to its work, activities, purposes and objectives, and also concerning the use of rentals received by it from persons renting rooms in the club building. The state introduced no evidence.

After taking the matter under advisement the court denied the motion. In a memorandum in the form of a letter to counsel the

court found that the net rentals or earnings were not used exclusively for literary, educational, scientific, religious, benevolent or charitable purposes, and that the income derived was used partially for the social enjoyment and benefit of members of the Club.

As an additional ground of denial the court held that inasmuch as no appeal had been taken from the judgment of February 18, 1950, which, among other things, held the order of the Commission to be void and of no effect, that judgment had become final and a void order could not be reinstated. Judgment denying all relief sought by the motion was entered accordingly.

The Club has appealed and alleges that the ruling of the lower court is contrary to the evidence and to law.

In view of our disposition of this appeal the point really becomes immaterial, but, in passing, it is noted that in the Club's motion to dissolve the injunction and to reinstate the order of the Commission it is alleged that the property in question is exempt by virtue of both the mentioned constitutional and statutory provisions, whereas in its brief the claim of exemption is based solely upon the quoted portion of G. S. 1949, 79-201, *supra.*

The gist of the Club's contention is that the trial court's findings with respect to the use of the "net rents or earnings" are not supported by the evidence, and that all of the evidence clearly establishes the right to exemption under the mentioned statute.

In support of the trial court's rulings the state contends that (1) the judgment of February 18, 1950, declaring the order of the Commission to be void and of no effect, being unappealed from, became final; (2) the portion of that judgment granting the permanent injunction, not having reserved jurisdiction to modify or change its terms, is final and binding and cannot be dissolved or set aside in the manner sought; and (3) assuming that in the subsequent hearing on the Club's motion the court did possess authority to dissolve the injunction, the ruling of the court is supported by the evidence introduced.

As heretofore stated, the trial court was of the opinion that the judgment of February 18, 1950, being unappealed from, was final. We concur in that conclusion. Notwithstanding the trial court's feeling in the matter, it permitted the Club to introduce evidence going to the merits of that portion of its motion which sought to dissolve the permanent injunction. Even though it be conceded the court erred in hearing this phase of the motion on its merits, the error was cured by the ruling which denied relief.

In our view of this case we are precluded from reviewing the evidence introduced in the court below. The procedural background of the matter already has been related. In the action filed in 1950 the court had jurisdiction of the subject matter and of the parties, including the Club. The judgment which was rendered declared the order of the Commission to be void and of no effect, and permanently enjoined the county clerk and county treasurer from removing the property in question from the tax rolls. No one appealed from any portion of that judgment. It therefore became final in its entirety. Nowhere is it pointed out in what manner a void order of the Commission could be reinstated, and neither is it pointed out how a permanent injunction under the facts here present could be dissolved in the manner sought.

Under the circumstances presented it would appear that in order to apply for the relief desired, the Club, rather than proceeding in the manner in which it did, should have made application to the State Commission of Revenue and Taxation under the provisions of G. S. 1949, 79-1701, which, among other things, provides that the county clerk may correct errors whereby taxes have been charged upon property which the constitution or the law specifically exempts from taxation, provided, however, that no property shall be stricken from the rolls as exempt *until* authority to do so is obtained from the State Commission of Revenue and Taxation.

The judgment of the trial court denying the motion under consideration is affirmed.