No. 49,869

In the matter of the appeal of Clay L. Wirt, Robert C. Bacon, and John J. Franke, Jr., as the Board of County Commissioners of the County of Johnson, Kansas; Prather H. Brown, Jr., as the County Appraiser of said County; Edna C. Craig as the County Treasurer of said County; and Donald Curry, as County Clerk of said County, from a decision of the Board of Tax Appeals of the State of Kansas, *Appellees.*

(592 P.2d 875)

Opinion filed March 31, 1979.

*Ronald E. Manka,* of Lathrop, Koontz, Righter, Clagett, Parker & Norquist, of Kansas City, Missouri, argued the cause, and *James R. Hubbard,* of Breyfogle, Gardner, Martin, Davis & Kreamer, of Olathe, was with him on the brief for appellants.

*Bruce F. Landeck,* of Lowe, Terry & Roberts, of Olathe, argued the cause and *Lyndus A. Henry,* county counselor, was with him on the brief for appellees.

*Wayne E. Hundley,* of Topeka, filed a brief *amicus curiae* for Director of Division of Property Valuation, Department of Revenue.

*Wayne T. Stratton,* of Goodell, Cogswell, Stratton, Edmonds, Palmer & Wright, of Topeka, filed a brief *amicus curiae* for Kansas Hospital Association.

The opinion of the court was delivered by

HOLMES, J.: This appeal arises out of applications filed by Martin Psychiatric Research Foundation, Inc. (Martin Psychiatric) and Mid-Continent Hospitals, Inc. (Mid-Continent) with the Board of Tax Appeals seeking a determination that certain leased real and personal property in Johnson County is exempt from all ad valorem and property taxes levied under the laws of the State. The Board of Tax Appeals ruled the property was exempt from taxation. On appeal by the appropriate officials of Johnson County, the district court reversed the Board and held the property not exempt from taxation as it was not used exclusively for an exempt purpose. Martin Psychiatric and Mid-Continent have appealed.

Martin Psychiatric is a Kansas nonprofit corporation formed in

1965. Mid-Continent is a Kansas corporation formed for profit in July, 1971. Martin Psychiatric enjoys federally tax-exempt status under section 501(c)(3) of the Internal Revenue Code, as amended, and is licensed by the Department of Social and Rehabilitation Services to conduct a treatment facility designated as a psychiatric hospital with day care treatment and out-patient service. The property in question includes both real and personal property owned by Mid-Continent and leased to Martin Psychiatric under a written lease agreement originally entered into in June, 1972. Located on the real property are improvements operated as a private psychiatric hospital with day care treatment and out-patient services. The personal property included in the lease agreement is used by Martin Psychiatric in the operation of the hospital. All parties agree that the functions of Martin Psychiatric qualify all property used exclusively by it for tax-exempt status.

The original lease was for a period of fifteen years at an annual rental of $84,000.00. The lease contains options which allow the lessee to extend the lease for successive five-year periods until the year 2071. Martin Psychiatric evidently was not as successful as originally anticipated and in December, 1975, the annual rental was reduced by agreement of the parties to $46,645.32 until 1982 at which time it will increase to $60,000.00 per year. The lessee is also obligated to pay all property taxes, real and personal, and in addition is responsible for all repairs, maintenance and replacement of the leased property.

The sole issue is whether real and personal property owned by a profit corporation and leased to a nonprofit corporation is "actually and regularly used exclusively" by the nonprofit corporation so as to be exempt from property and ad valorem taxation under K.S.A. 79-201b *First.*

At the outset we wish to thank the Kansas Hospital Association and the Director of Property Valuation, Department of Revenue, for the excellent *amicus* briefs filed with the court. Along with the briefs of the parties, they were of assistance to and carefully considered by the court.

K.S.A. 79-201b states in relevant part as follows:

"*The following described property,* to the extent herein specified, *shall be and is hereby exempt from all property or ad valorem taxes* levied under the laws of the state of Kansas:

"*First: All real property, and tangible personal property, actually and regularly*

*used exclusively for* hospital purposes by a hospital as .the same is defined by K.S.A. 1977 Supp. 65-425, and amendments thereto, or *a psychiatric hospital* as the same is defined by K.S.A. 1977 Supp. 59-2902, and amendments thereto, *which* hospital or *psychiatric hospital is operated by a corporation organized not for profit* under the laws of the state of Kansas or by a corporation organized not for profit under the laws of another state and duly admitted to engage in business in this state as a foreign, not for profit corporation; and all intangible property including moneys, notes and other evidences of debt, and the income therefrom, belonging exclusively to such a corporation and used exclusively for hospital or psychiatric hospital purposes." (Emphasis added.)

The district court held that when property is leased for profit to an exempt organization, the property is not being used exclusively by the exempt organization and therefore is not exempt from taxation. The renting of the property by the owner for profit was held to be a use of the property.

Before addressing the express question before the court, we will iterate some of the basic tenets of property taxation. These principles have been summarized in *Lutheran Home, Inc. v. Board of County Commissioners,* 211 Kan. 270, 505 P.2d 1118 (1973), at page 275-276, as:

"(1)  Constitutional and statutory provisions exempting property from taxation are to be strictly construed.

"(2)  The burden of establishing exemption from taxation is on the one claiming it.

"(3)  The exemption from taxation depends solely upon the exclusive use made of the property and not upon the ownership or the character, charitable or otherwise, of the owner.

"(4)  The test of whether an enterprise is charitable for ad valorem tax purposes is whether its property is used exclusively to carry out a purpose recognized in law as charitable.

"(5)  The question is not whether the property is used partly or even largely for the purposes stated in the exemption provisions, but whether it is used exclusively for those purposes. (*Clements v. Ljungdahl,* 161 Kan. 274, 278, 167 P.2d 603; *State, ex rel., v. Security Benefit Ass'n,* 149 Kan. 384, 87 P.2d 560.)

"(6)  The phrase 'used exclusively' as contained in Section 1, Article 11, of the Kansas Constitution, was intended by the framers in the sense that the use made of property sought to be exempt from taxation, must be only, solely, and purely for the purposes stated in the Constitution, and without admission to participation in any other use. (*Sigma Alpha Epsilon Fraternal Ass'n v. Board of County Comm'rs.,* supra [207 Kan. 514, 485 P.2d 1297].)"

Briefly, they may be summarized as: taxation is the rule, exemption is the exception.

While the precise question is one of first impression, this court has had occasion to consider the converse issue. In *Stahl v.*

*Educational Assoc'n.*, 54 Kan. 542, 38 Pac. 796 (1895), property owned by the association was leased to a tenant and all of the rents and profits derived from the property were used by the association (a tax-exempt educational institution) exclusively for educational purposes. The court denied exempt status to the property and stated:

"When its real estate is rented to a tenant, or its funds invested in other property for profit, or loaned at interest, the property thus rented or invested or loaned will be liable to taxation, as much as any other property that is rented or invested or loaned, no matter in whose hands it might be." p. 549.

All parties agree ownership is not a controlling factor in determining if property is exempt and although appellants go to great lengths to distinguish between ownership and use, the parties recognize the "exclusive use" of the property is the test under the statute. Appellants take the position "use" means the physical use of the property and the intangible benefits of ownership, including renting of the property for profit, do not constitute using the property. Appellants urge that we look only to the physical use by the lessee, Martin Psychiatric, to determine the issue. Appellees, on the other hand, contend when property is rented or leased that, in and of itself, is a use by the owner and the lessee cannot be said to be using the property exclusively.

Appellants and the Kansas Hospital Association contend that to exempt from taxation leased property used by an exempt organization meets the intent of the Constitution and statutes by giving relief to the tax exempt institution and is in the public interest. They contend if such property is subjected to ad valorem and property taxes, it will merely work to the detriment of the tax-exempt entity as it, not the owners, will ultimately bear the burden of paying the tax. Under the literal terms of the lease in this case, this is undoubtedly true as the lessee is required to pay all property taxes. Several cases cited by appellants agree. Cases are cited from Wisconsin, Nebraska, Ohio, California and other states which hold the public interest is best served by granting the exemption. On the other hand, many other states reach the contrary conclusion. For an analysis of the decisions of the various states which have considered the problem see Annot., Tax Exemption—Leased Property, 55 A.L.R.3d 430. While numerous cases can be cited supporting either position, resort to other jurisdictions is not particularly helpful due to differences in

statutes and constitutional provisions. Some, however, are persuasive.

In an early Missouri case, the Supreme Court of that state held that a lot leased from a private owner by a school board at an annual rental and used exclusively for school purposes was not exempt from taxation. The Court said:

"[T]he real question in this case depends upon what is meant by the term 'used exclusively . . . .'

"The ownership or title to the property is not the determining factor. For if the property is owned by a religious, charitable or school organization and is leased or rented for use for any other purpose than such as the Constitution contemplates, the land is not exempt. So, if the private owner of the land allows his land to be used for such purposes and charges no rent and derives no personal benefit from the land, the land is exempt from taxation, because the land is then devoted exclusively to such a use. This was the case in *City of Louisville v. Werne,* [Ky.], 80 S.W. 224, relied on by the defendants. For in such cases the owner contributes the use of his land to public or quasi-public use, or to such a use as the Constitution contemplates, and derives no gain or profit for himself, and therefore, the State does not exact a tax from his land with one hand while accepting a contribution of the use of his land with the other hand. But on the contrary, when the owner leases his land to the public for a public use, or to a quasi-public body for a charitable or religious use, and applies the rents derived from the land to his own personal advantage, he contributes nothing to the public or to charity, he loses nothing by the use, he is not a benefactor to any one, but he stands before the law in exactly the same light as any one else who leases his land for any other purpose, and uses the rents for his own advantage, and, therefore, he is not entitled to any special consideration at the hands of the law or the government, and his property is not exempt.

"There would be just exactly as much, and no more or less reason, for holding that the property of one who sold provisions or supplies to a charitable institution which were used to support the lives of the inmates thereof, was exempt from taxation. In both cases he would get and appropriate to his own use the proceeds or products of his property, just the same as if it had been rented or sold to a private citizen or to a business concern, . . . ." *State ex rel. Hammer v. Macgurn,* 187 Mo. 238, 242-243, 86 S.W. 138 (1905).

The Wyoming Supreme Court considered the issue in an action where a for-profit corporation leased real estate to a religious corporation for school purposes. In holding that the property was used for private profits, the Court denied exemption and stated:

"We cannot think that it was the intention of the framers of our state constitution and the legislators of this state which enacted the laws exempting property from taxation to intend that a person whose property would ordinarily be subject to taxation should be released from bearing his share of the expense of government by simply leasing his property for a substantial rental to an Association which, due to the purposes for which it was organized, is regarded as a public benefactor

and for that underlying reason is exempted from paying taxes when using property for those purposes. When a person derives income from property in such fashion it seems to us he is using it for his own personal advantage and we can see no valid reason why he should not, as all other citizens who rent their property do, pay the taxes regularly assessed to it." *Cambria Park v. Weston Co.,* 62 Wyo. 446, 466-467, 174 P.2d 402 (1946).

We have had occasion to consider many times whether property was being "used exclusively" for exempt purposes as contemplated by the statutes. *Defenders of the Christian Faith v. Board of County Commissioners,* 219 Kan. 181, 547 P.2d 706 (1976); *Seventh Day Adventist v. Board of County Commissioners,* 211 Kan. 683, 508 P.2d 911 (1973); *Lutheran Home, Inc. v. Board of County Commissioners,* 211 Kan. 270, 505 P.2d 1118 (1973); *Topeka Presbyterian Manor v. Board of County Commissioners,* 195 Kan. 90, 402 P.2d 802 (1965); *Kansas State Teachers Ass'n v. Cushman,* 186 Kan. 489, 351 P.2d 19 (1960); *State, ex rel., v. Lawrence Woman's Club,* 178 Kan. 308, 285 P.2d 770 (1955); *Defenders of the Christian Faith, Inc. v. Horn,* 174 Kan. 40, 254 P.2d 830 (1953); *A.T. & S.F. Hospital Ass'n v. State Commission of Revenue & Taxation,* 173 Kan. 312, 246 P.2d 299 (1952); *Mason v. Zimmerman,* 81 Kan. 799, 106 Pac. 1005 (1910); *Stahl v. Educational Assoc'n.,* 54 Kan. 542, 38 Pac. 796 (1895); *St. Mary's College v. Crowl, Treasurer, &c.,* 10 Kan. 442 (1872); *Vail v. Beach,* 10 Kan. 214 (1872); *Washburn College v. Comm'rs. of Shawnee Co.,* 8 Kan. 344 (1871). However, none of these cases considered the problem of the intangible use of property by the owner as opposed to the physical use by the party in possession.

In the early case of *Washburn College v. Comm'rs. of Shawnee Co.,* 8 Kan. at 349, Brewer, J. stated:

"To bring this property within the terms of the section quoted it must be 'used exclusively for literary and educational purposes.' This involves three things, first, that the property is used; second, that it is used for educational purposes; and third, that it is used for no other purpose."

In *Seventh Day Adventist v. Board of County Commissioners,* 211 Kan. 683, Syl. ¶ 2, we defined the term in the following language:

"The phrase 'used exclusively' in the constitution and statute means that the use made of the property sought to be exempted from taxation, must be only, solely and purely for the purposes stated, and without participation in any other use."

To say that an investor who owns valuable property, real or

personal, and leases it for profit is not using his property ignores the obvious fact that the owner-lessor is exercising his right to use the property just as surely as if he were utilizing it in a physical sense for his own objectives. In the instant case, Mid-Continent chose to lease its hospital facilities and equipment to Martin Psychiatric rather than operate its own hospital, or rent the property for some other purpose. Can one be said to be a use of the property and the other not? We do not think so. The renting by the lessor and the physical use by the lessee constitute simultaneous uses of the property and when an owner leases his property to another, the lessee cannot be said to be the only one using the property. The owner is using it as he sees fit to reap a profit from his investment just as surely as if he physically operated the property.

We hold that property owned by a non-tax-exempt entity and leased for profit to a qualifying tax-exempt entity, is not being used exclusively for tax-exempt purposes and is subject to ad valorem and property taxes.

The judgment is affirmed.

HERD, J., not participating.