(721 P.2d 298)

No. 58,982

*In re* Tax Appeal of CESSNA EMPLOYEES' FLYING CLUB.

Opinion filed July 11, 1986.

*C. Robert Bell*, assistant county counselor, of Wichita, for the appellant.

*Jack C. Marvin*, of Morrison, Hecker, Curtis, Kuder & Parrish, of Wichita, for the appellee.

Before BRISCOE, P.J., RICHARD W. WAHL, District Judge, assigned, and CORWIN C. SPENCER, J. Retired, assigned.

SPENCER, J.: The Board of County Commissioners of Sedgwick County appeals from an order of the Shawnee County District Court which overturned a decision of the Board of Tax Appeals (BOTA) denying a property tax exemption under K.S.A. 79-201k to aircraft owned by the Cessna Employees' Flying Club (Cessna). BOTA had considered the aircraft exempt from taxation prior to 1984.

Cessna is a non-profit corporation whose purpose is to promote and encourage private flying and to provide economical flying

for its members. The members, largely Cessna Aircraft employees, pay a membership deposit, monthly dues, and rental costs on the aircraft. Cessna owned nine aircraft which were rented to members for private flying or flight instruction and generated $217,043 in rental revenue in 1984. In addition, Cessna employs a manager, a secretary, a flight instructor, and a mechanic on a full-time basis.

Cessna paid the first half of the 1984 taxes assessed against its aircraft under protest and filed an application for a refund of the taxes with BOTA. BOTA denied the request for failure to show an established business or industrial operation within the purview of the exemption statute.

The standard of review to be applied by this court in reviewing a decision of the BOTA was recently stated in *Sterling Drilling Co. v. Kansas Dept. of Revenue*, 9 Kan. App. 2d 108, 108-09, 673 P.2d 456 (1983), *rev. denied* 234 Kan. 1078 (1984):

"Two rules are applicable:

"1. 'A district court may not, on appeal, substitute its judgment for that of an administrative tribunal, but is restricted to considering whether, as a matter of law, (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority.' [Citation omitted.]

"2. 'The interpretation of a statute is a question of law and it is the function of a court to interpret a statute to give it the effect intended by the legislature.

" 'While the administrative interpretation of a statute should be given consideration and weight it does not follow that a court will adhere to the administrative ruling where the statute is clear and the administrative ruling is erroneous. The final construction of a statute rests within the courts.' [Citation omitted.]"

This court applies the same standard and may conduct the same review of the administrative decision as did the district court. *Board of Johnson County Comm'rs v. J. A. Peterson Co.*, 239 Kan. 112, 114, 716 P.2d 188 (1986); *In re Order of Board of Tax Appeals*, 236 Kan. 406, Syl. ¶ 2, 691 P.2d 394 (1984).

In this case the facts are not disputed. Both sides agree that Cessna owns planes, services and maintains those planes, and rents them to its members on an hourly basis. There is no dispute over what Cessna does—the question is solely whether what Cessna does is a "business" which would entitle it to fall within the statutory interpretation. See *National Collegiate Realty Corp. v. Board of Johnson County Comm'rs*, 236 Kan. 394, Syl. ¶ 6, 690 P.2d 1366 (1984).

The rules applicable to statutory construction were reiterated

in *Farmers Co-op v. Kansas Bd. of Tax Appeals*, 236 Kan. 632, 634-35, 694 P.2d 462 (1985):

"Where the interpretation of a statute is a question of law, it is the function of the court to interpret the statute to give it the effect intended by the legislature. [Citation omitted.] The purpose and intent of the legislature governs when that intent can be ascertained from the statute. [Citation omitted.] Words in common usage are to be given their natural and ordinary meaning in arriving at a proper construction of the statute. [Citation omitted.] When a statute is susceptible of more than one construction, it must be construed to give expression to its intent and purpose, though such construction is not within the strict literal interpretation of the statute. [Citation omitted.]"

In *T-Bone Feeders, Inc. v. Martin*, 236 Kan. 641, 645-46, 693 P.2d 1187 (1985), the court stated:

"In cases involving questions of claimed exemption from ad valorem taxation, the following rules and legal principles have been established as guidelines to be followed by the courts:

"(1) Taxation is the rule; exemption is the exception. All doubts are to be resolved against exemption and in favor of taxation. [Citation omitted.]

"(2) Constitutional and statutory provisions exempting property from taxation are to be strictly construed. [Citations omitted.]

"(3) The burden of establishing exemption from taxation is on the one claiming it. [Citation omitted.]

"(4) The question is not whether or not the property is used partly or even largely for the purpose stated in the exemption provisions, but whether it is used exclusively for those purposes. [Citations omitted.]

"(5) The phrase 'used exclusively' in the constitution and statutes means that the use made of the property sought to be exempted from taxation must be only, solely, and purely for the purposes stated, and without participation in any other use. [Citation omitted.]"

The statute, K.S.A. 79-201k, provides an exemption for "all aircraft actually and regularly used exclusively in the conduct of a business or industry":

"(a) It is the purpose of this section to promote, stimulate and develop the general welfare, economic development and prosperity of the state of Kansas by fostering the growth of commerce within the state; to encourage the location of new business and industry in this state and the expansion, relocation or retention of existing business and industry when so doing will help maintain or increase the level of commerce within the state; and to promote the economic stability of the state by maintaining and providing employment opportunities, thus promoting the general welfare of the citizens of this state, by *exempting aircraft used in business and industry, from imposition of the property tax or other ad valorem tax imposed by this state or its taxing subdivisions.* Kansas has long been a leader in the manufacture and use of aircraft and the use of aircraft in business and industry is vital to the continued economic growth of the state.

"(b) *The following described property, to the extent herein specified, is*

*hereby exempt from all property or ad valorem taxes levied under the laws of the state of Kansas:*

"*First.* For all taxable years commencing after December 31, 1982, *all aircraft actually and regularly used exclusively in the conduct of a business or industry.*" Emphasis added.

BOTA, in denying Cessna an exemption, concluded that because of its lack of profit-making motive the ownership of the airplanes did not constitute a business. The district court found BOTA placed too much emphasis on the lack of profit-making or intent to make a profit in determining Cessna was not a business under the terms of the statute. The phrase "in the conduct of a business or industry" has not previously been defined by the court.

Black's Law Dictionary 179 (5th ed. 1979) defines "business" as:

"Employment, occupation, profession, or commercial activity engaged in for gain or livelihood. Activity or enterprise for gain, benefit, advantage or livelihood. [Citation omitted.] Enterprise in which person engaged shows willingness to invest time and capital on future outcome. [Citation omitted.] That which habitually busies or occupies or engages the time, attention, labor, and effort of persons as a principal serious concern or interest or for livelihood or profit."

Here, Cessna employs a full-time staff for the management and maintenance of the rental aircraft. Furthermore, Cessna uses its aircraft exclusively for rental to its membership. Cessna is both organized and operated as a business. We conclude it is entitled to an exemption from taxation under the provisions of K.S.A. 79-201k.

Affirmed.