(746 P.2d 1068)
No. 60,290

KENNETH GODFREY AVIATION, INC., *Appellee*, v. GARY SMITH, Shawnee County Appraiser, *Appellant*,
and
WILLIAM H. SMITH, *Appellee*, v. GARY SMITH, Shawnee County Appraiser, *Appellant*.

Petition for review denied January 28, 1988.

Opinion filed December 17, 1987.

*Douglas F. Martin*, county counselor, of Topeka, for the appellant.

*Alan F. Alderson*, of Alderson, Alderson & Montgomery, of Topeka, for the appellees.

Before DAVIS, P.J., BRISCOE and SIX, JJ.

BRISCOE, J.: This is an appeal by the Shawnee County Appraiser from the district court's ruling that the airplanes owned by Kenneth Godfrey Aviation, Inc., and William H. Smith were exempt from ad valorem taxes under K.S.A. 79-201k.

Godfrey Aviation is an air service business with a fleet of eight airplanes. The company rents and charters the airplanes to the general flying public for use by the renter for whatever purpose, be it business or personal.

William H. Smith owns one airplane which he leases to Godfrey Aviation, which it in turn rents to the general public. Godfrey Aviation earns a management fee from Smith and Smith receives a portion of the rental fees as income. Smith, a psychologist, also uses his airplane for business trips, but he does not use it for personal trips.

The Board of Tax Appeals (BOTA) denied the applications of Godfrey Aviation and Smith for exemption from ad valorem taxes on their airplanes. Their motions for rehearing were also denied and they timely filed petitions for judicial review in the district court. Prior to the district court's ruling, the cases were consolidated. The district court reversed the BOTA's decision and held the airplanes exempt from ad valorem tax under K.S.A. 79-201k because they were used exclusively in the conduct of business.

The sole issue presented by this appeal is whether the owners' airplanes were used exclusively in the conduct of business, thereby entitling them to exemption from ad valorem tax under K.S.A. 79-201k.

K.S.A. 79-201k provides:

"(a) It is the purpose of this section to promote, stimulate and develop the general welfare, economic development and prosperity of the state of Kansas by fostering the growth of commerce within the state; to encourage the location of new business and industry in this state and the expansion, relocation or retention of existing business and industry when so doing will help maintain or increase the level of commerce within the state; and to promote the economic stability of the state by maintaining and providing employment opportunities, thus promoting the general welfare of the citizens of this state, by exempting aircraft used in business and industry, from imposition of the property tax or other ad valorem tax imposed by this state or its taxing subdivisions. Kansas has long been a leader in the manufacture and use of aircraft and the use of aircraft in business and industry is vital to the continued economic growth of the state.

"(b) *The following described property, to the extent herein specified, is hereby exempt from all property or ad valorem taxes levied under the laws of the state of Kansas*:

"*First*. For all taxable years commencing after December 31, 1982, *all aircraft actually and regularly used exclusively in the conduct of a business or industry.*" Emphasis added.

Godfrey Aviation and Smith used their airplanes exclusively in the conduct of business. The only question is whether the renters' use of the airplanes for non-business purposes is to be considered in determining the exclusive nature of the use. The County claims that, because renters used the airplanes for non-business purposes, the airplanes were not being used exclusively in a business and thus did not qualify for exempt status under K.S.A. 79-201k. Godfrey Aviation and Smith claim their use of the airplanes alone is determinative of the right to an exemption.

In the present case, the facts are not disputed. The only question is one of statutory construction. The interpretation of a statute is a question of law and, although the BOTA's interpretation of the statute in question should be given consideration and weight, the final construction of a statute rests with this court. *In re Tax Appeal of Cessna Employees' Flying Club*, 11 Kan. App. 2d 378, 379, 721 P.2d 298 (1986).

In questions involving tax exemptions, several rules of statutory construction are applicable. Taxation is the rule, and exemption is the exception. All doubts are to be resolved against exemption and in favor of taxation. Statutory provisions exempting property from taxation are to be strictly construed and the burden of establishing exemption from taxation is on the one claiming it. *T-Bone Feeders, Inc. v. Martin*, 236 Kan. 641, 645-46, 693 P.2d 1187 (1985); *Cessna*, 11 Kan. App. 2d at 380.

The owners contend that *Cessna* is controlling. We disagree. In that case, Cessna owned nine airplanes which it rented to members for private flying. The BOTA refused to declare such airplanes tax exempt under K.S.A. 79-201k because Cessna had failed to establish that it was an established business. Specifically, the BOTA concluded that, because of Cessna's lack of profit-making motive, Cessna's ownership of the airplanes did not constitute a business. The sole question on appeal was whether Cessna's activities constituted a business which would entitle it to fall within the exemption in 79-201k. The paragraph including the statement of the issue reads as follows:

"In this case the facts are not disputed. Both sides agree that Cessna owns planes, services and maintains those planes, and rents them to its members on an

hourly basis. There is no dispute over what Cessna does—the question is solely whether what Cessna does is a 'business' which would entitle it to fall within the statutory interpretation. [Citation omitted.]" 11 Kan. App. 2d at 379.

The only issue decided in *Cessna* was whether the lessor's nonprofit organization was a business under K.S.A. 79-201k. Whether a renter's private use of an airplane would prohibit a business from exempting its airplanes from ad valorem taxation was not addressed.

As *Cessna* is not controlling, the issue presented is one of first impression. We are not, however, without any guidance from prior case law concerning this issue. Tax exemption statutes containing language similar to K.S.A. 79-201k have been interpreted by the Kansas courts. Where statutes are similar in form and substance and are intended for substantially the same purposes, decisions construing one are material in determining the rights and liabilities under the other. *Shapiro v. Kansas Public Employees Retirement System,* 211 Kan. 452, 457, 507 P.2d 281 (1973). In interpreting other tax exemption statutes, the Kansas Supreme Court has held ownership is not the controlling factor; "exclusive use" is the test. *In re Board of Johnson County Comm'rs,* 225 Kan. 517, 520, 592 P.2d 875 (1979). Furthermore, the question is not whether property is used partly or even largely for the purposes stated in the exemption provisions, but whether the property is used exclusively for those purposes. *In re Application of Int'l Bhd. of Boilermakers,* 242 Kan. 302, 747 P.2d 781 (1987); *T-Bone Feeders,* 236 Kan. at 646; *Johnson County Comm'rs,* 225 Kan. at 519; *Cessna,* 11 Kan. App. 2d at 380.

The phrase "used exclusively" in tax exemption statutes means that the use made of the property sought to be exempted from taxation must be used only, solely, and purely for the purposes stated, and without participation in any other use. *T-Bone Feeders,* 236 Kan. at 646; *Johnson County Comm'rs,* 225 Kan. at 519; *Cessna,* 11 Kan. App. 2d at 380. Contrary to the owners' contention, we must consider not only the use of the property being made by the one claiming the exemption, but also all uses being made of the property.

In *Johnson County Comm'rs,* 225 Kan. 517, a for-profit corporation leased property to a nonprofit psychiatric hospital. The

lessee was obligated to pay all property taxes. The lessee claimed the leased property was exempt from ad valorem taxes under K.S.A. 79-201b, which exempts all property "used exclusively for hospital purposes." The issue was whether the property was "used exclusively for hospital purposes." The court held the property was subject to ad valorem taxes, stating:

"The renting by the lessor and the physical use by the lessee constitute simultaneous uses of the property and when an owner leases his property to another, the lessee cannot be said to be the only one using the property." *Johnson County Comm'rs*, 225 Kan. at 523.

Because one of the simultaneous uses of the property (renting for profit) was not an exempt use under the statute, the property was not exempt from ad valorem taxation.

In *Farmers Co-op v. Kansas Bd. of Tax Appeals*, 236 Kan. 632, 694 P.2d 462 (1985), the taxpayers owned farm machinery and equipment which they rented to farmers for use in farming operations. The taxpayers claimed such equipment was exempt from property tax under K.S.A. 1983 Supp. 79-201i and 79-201j, which provided that all farm equipment "used exclusively in farming or ranching operations" was exempt from property and ad valorem taxes. One issue on appeal was whether the leased equipment was used exclusively in farming and ranching. The court held the leased equipment was not used exclusively in farming or ranching operations and was not entitled to tax exemption. The court noted that, when a taxpayer rents its equipment to an individual farmer for use on his own fields, there are simultaneous uses being made of the equipment: "(1) by the farmer fertilizing his fields and (2) by the [taxpayer] collecting a rental fee for the use of the machinery." *Farmers Co-op*, 236 Kan. at 638. Since one of the uses was not an exempted use, the property was not exempt from taxation.

Furthermore, in reaching its decision, the court in *Farmers Co-op* noted that, although the stated purpose of the statute was broad (to foster the growth and development of agricultural endeavors), the legislature restricted and limited the exemption to property used exclusively in farming and ranching operations. According to the court, the more limited phrase and the legislative purpose outlined in the statutes indicated the emphasis was on farming and ranching, implying an intent by the legislature to

limit the exemption strictly to those who farm or ranch. Because of the restrictive language of the exemption statute, the court was unwilling to extend the statute's application to include those who rent farming and ranching equipment to farmers.

In the present case, the owners leased airplanes to individuals, who used the airplanes for non-business purposes. Two simultaneous uses were being made of the aircraft: (1) by the renters for non-business purposes, and (2) by the owners collecting a rental fee for the use of the airplanes, both of which must be considered in determining the availability of the exemption statute. Since the airplanes are exempt from taxation only if used in a business, the renters' use for non-business purposes makes the property ineligible for tax exemption under K.S.A. 79-201k because the airplanes are not used exclusively for business.

In addition, although the stated legislative purpose of K.S.A. 79-201k is broad, the exemption itself is limited to airplanes used in a business and does not exempt from taxation airplanes in general. The more restrictive language used in the exemption portions of the statute implies an intent by the legislature to limit the exemption strictly to those who use such property in a business. Since the statute restricts application of the exemption to those cases where property is used exclusively in a business, it is not for the courts to expand the statute's application to those cases where the property is used in part for business and in part for non-business activities.

Godfrey Aviation and Smith contend that, because their business profited from the renters' use of the airplanes, the purpose of the statute (the promotion of business) was fulfilled. A similar argument was rejected in *Stahl v. Educational Assoc'n.*, 54 Kan. 542, 38 Pac. 796 (1895). In that case, an educational association leased a house to a third party as a personal residence. The association used the proceeds from the rental for educational purposes and claimed the house was exempt. The association claimed that, although the house itself was not used solely for education, the rents were applied exclusively for the purpose of education. The court held the property was not exempt from taxation because it was not used exclusively for education and it was being used to earn a profit. Even though the nonexempt use (renting) furthered the exempt use (education) by generating

funds for educational use, the court still had to consider both uses of the property. Since renting for profit was not an exempted use, the property was taxable.

In the present case, although the renters' use of the airplanes for personal endeavors furthers a business and thus furthers the purpose of K.S.A. 79-201k, we are obligated under the "exclusive use" language of the statute to consider the renters' personal use as a disqualifying use under the statute. This construction is further bolstered by the statute's requirement that the airplanes must be "*actually* and *regularly* used exclusively in the conduct of a business or industry." The owners' airplanes in this case are not exempt from ad valorem taxation.

Reversed.